UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE GREEN HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:17-cv-00540-JCM-PAL |

Presently before the court is plaintiff U.S. Bank, National Association's ("U.S. Bank") motion for default judgment. (ECF No. 54).

On February 22, 2017, U.S. Bank initiated this action, alleging a single claim for quiet title against defendants Jason Fitzpatrick; Shiela Marie Fitzpatrick; Eric Recientes; Raymond Arroyo, Jr.; and Robert Keasler (collectively "defendants"). (ECF No. 1). Approximately 18 months have passed since U.S. Bank served Jason and Shiela Fitzpatrick. (ECF Nos. 28, 29). Approximately 17 months have passed since U.S. Bank served Recientes; Arroyo, Jr.; and Keasler (collectively "the Landowners"). (ECF Nos. 38, 39, 40). To date, defendants have not appeared in this litigation.

On November 3, 2017, U.S. Bank filed a motion for entry of clerk's default against defendants. (ECF No. 45). On November 6, 2017, the clerk entered default. (ECF No. 47).

Now, U.S. Bank moves for a default judgment against the Landowners. (ECF No. 54). U.S. Bank requests the court to declare that the Landowners acquired an ownership interest in real property located at 2416 Pickwick Drive, Henderson, Nevada 89014 ("the property") subject

to the deed of trust recorded against the property on March 15, 2006. (ECF No. 54).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

After considering the foregoing, the court finds good cause to grant U.S. Bank's motion for default judgment. U.S. Bank will be prejudiced if default judgment is not entered as the bank will be left without any legal remedy to establish its superior claim to title. *See Eitel*, 782 F.2d at 1471–72. Further, there is no possibility of a dispute concerning material facts as the Landowners have not appeared in this action, and there is no indication on the record that defendants' default was due to excusable neglect. *See id*. Moreover, U.S. Bank has complied with Rule 55 and the Landowners have had ample opportunity to participate in this litigation. *See id*. Therefore, the court will enter default judgment and declare that the deed of trust encumbers the property.

The court will also dismiss the remaining defendants, Jason and Shiela Fitzpatrick, as they do not hold any interest in the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that U.S. Bank's motion for default judgment (ECF No. 54) be, and the same hereby is, GRANTED consistent with the foregoing.

The clerk shall enter judgment accordingly and close the case.

DATED THIS 25th day of October 2018.

*/s/ James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE